FILED
Jun 10, 2019
03:48 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Elizabeth Harrison, | ) | Docket No.: 2018-01-0699 |
| Employee, | ) | |
| v. | ) | |
| Chattanooga Staffing, | ) | State File No.: 58404-2018 |
| Employer, | ) | |
| And | ) | |
| Technology Insurance Co., | ) | Judge Audrey Headrick |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

The Court convened an Expedited Hearing on June 4, 2019. The issue is whether Ms. Harrison is likely to establish at trial that she is entitled to temporary partial disability benefits. Chattanooga Staffing disputes her entitlement to benefits, asserting she chose not to accept its offer of light-duty work.[1] For the reasons below, the Court awards temporary disability benefits.

### History of Claim

While working as a caregiver for Chattanooga Staffing on July 16, 2018, Ms. Harrison experienced a tearing/burning sensation across her neck into her left shoulder while using both arms to move a paraplegic client. She reported the injury, and Chattanooga Staffing instructed her to go to Physicians Care.[2]

Instead, Ms. Harrison sought treatment with Dr. Andrew Mendoza on July 18, who prescribed medication and provided her with a sling. She then went to Physicians

---

[1] Chattanooga Staffing did not dispute her entitlement to temporary total disability benefits from April 9, 2019, forward, which is when Dr. Alex Sielatycki, panel physician, took Ms. Harrison completely off work.

[2] Ms. Harrison later selected Physicians Care from a panel.

1

Care on July 23, and the provider restricted her to right-arm use only with continued use of the sling as needed.

Physicians Care kept Ms. Harrison on the same restriction until it referred her to Dr. Justin Arnold, an orthopedist, on August 22. However, she also saw Dr. Mendoza on that day, and he retroactively took Ms. Harrison completely off work from July 18 "until she has complete return of function in her L arm and shoulder." After seeing Dr. Arnold on August 29, he restricted Ms. Harrison to no lifting with her left arm and no overhead work. Both parties offered testimony regarding these restrictions and their application to Ms. Harrison's work.

Suzanne Jesucat, Director of Chattanooga Staffing, testified through a December 3 written declaration. She learned of Ms. Harrison's restrictions on August 30 and called her the same day to offer her light-duty beginning on August 31, which Ms. Harrison refused. Ms. Jesucat stated the light-duty consisted of warming meals, performing very light housework, and accompanying a client to doctor appointments. Ms. Harrison testified she does not recall speaking with either Ms. Jesucat or anyone else from Chattanooga Staffing on August 30.

Separate from Ms. Jesucat's written declaration, a letter signed by her on November 29 provided additional details about the light-duty offered. She stated the "light duty client" was someone Ms. Harrison knew since 2016, who was fully mobile and mostly independent. Ms. Jesucat indicated the work involved two- and three-hour shifts.

Ms. Harrison disputed Ms. Jesucat's assertions regarding the abilities of this client. She stated that her now-deceased aunt, Annie Mae Jones, was her only permanent client since 2016. Ms. Harrison stated that Ms. Jones suffered a debilitating stroke on July 9, 2018, and afterward she required extensive assistance.

Aside from Ms. Jones, Ms. Harrison's other clients were "fill-in" clients. When asked about Barbara Kohler, a fill-in client, Ms. Harrison stated that she assisted Ms. Kohler for approximately two to three months in 2017. Even if the unnamed client referenced by Ms. Jesucat were Ms. Kohler, Ms. Harrison stated that caring for her required use of both arms. She stated she performed the following tasks for Ms. Kohler: (1) cooked meals with an iron skillet; (2) cleaned her kitchen; (3) assisted her into and out of the shower and washed her back; (4) performed housecleaning; (5) applied lotion to her body; and, (6) assisted her in dressing, including socks, shoes, and disposable undergarments. Further, Ms. Harrison testified she had to use both arms to assist Ms. Kohler even when seated because Ms. Kohler was "weaving" and "unsteady."

After Ms. Jesucat's call to Ms. Harrison on August 30, Chattanooga Staffing stopped her temporary disability benefits on August 31. The parties agreed that Ms.

Harrison received temporary partial disability benefits from July 23 through August 31 at the weekly compensation rate of $104.14. However, they agreed her correct compensation rate is $135.30.[3]

## Findings of Fact and Conclusions of Law

### Standard Applied

At an expedited hearing, Ms. Harrison must present sufficient evidence to prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds she did.

### Temporary Disability Benefits

Ms. Harrison requested temporary disability benefits. The Court grants her request.

Ms. Harrison is eligible for TPD benefits if she earned less than her average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A). The Court must consider the reasonableness of Chattanooga Staffing in attempting to return her to work and the reasonableness of Ms. Harrison in failing to return to work. *Lasser v. Waste Mgmt., Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 20, at *14 (may 24, 2018).

Here, Ms. Harrison's unrebutted testimony was that her aunt was the only permanent client she consistently cared for from 2016 forward, who had a debilitating stroke the week before the July 16, 2018 work injury. Even if the unnamed client referenced by Ms. Jesucat were Ms. Kohler, Ms. Harrison's unrebutted testimony proved that Ms. Kohler's caregiver must use both arms to care for her. When considering the testimony and reasonableness of the actions of both parties, the Court finds that Ms. Harrison's refusal to work the light-duty Chattanooga Staffing offered was reasonable. Therefore, the Court holds she is entitled to temporary partial disability benefits from September 1, 2018, through April 8, 2019.

**IT IS, THEREFORE, ORDERED** as follows:

1. Chattanooga Staffing shall pay past-due temporary partial disability benefits at the weekly compensation rate of $135.30 in the lump-sum amount of $4,252.29 for the period from September 1, 2018, through April 8, 2019. It shall also pay Ms. Harrison $178.05 for the underpayment from July 23, 2018, through August 31, 2018. As agreed by Chattanooga Staffing, it shall pay past-due temporary total

---

[3] Following the Expedited Hearing, Chattanooga Staffing filed a Motion to Reopen Proof. The Court addressed that motion in a separate order.

disability benefits from April 9, 2019, through June 10, 2019, which totals $1,217.70. Further, Chattanooga Staffing shall deduct $62.00 for an outstanding child support lien upon receipt of proper documentation and submission of the lien balance, if any, from Ms. Harrison.

2. Chattanooga Staffing shall continue to pay to Ms. Harrison temporary total disability benefits in regular intervals until she is no longer eligible for those benefits by reaching maximum medical improvement, by returning to work at a wage equal to or greater her average weekly wage, or by release without restrictions by Dr. Sielatycki. Chattanooga Staffing's representative shall immediately notify the Bureau, Ms. Harrison, and her counsel of the intent to terminate temporary disability benefits by filing Form C-26, citing the basis for the termination.

3. This matter is set for a Status Hearing on Tuesday, August 13, 2019, at 10:00 a.m. Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED June 10, 2019.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:
1. Affidavit of Elizabeth Harrison
2. First Report
3. Wage Statement
4. Panels
5. Notice of First Payment of Compensation
6. Written Declaration of Suzanne Jesucat
7. Medical records of Elizabeth Harrison with a Table of Contents:
    a. DACHC UMA Clinic
    b. Physicians Care
    c. Justin M. Arnold, M.D.
    d. J. Alex Sielatycki, M.D.
8. Medical records of Andrew E. Mendoza, M.D.
9. Suzanne Jesucat's letter dated November 29, 2018
10. Photo of Annie Mae Jones
11. Job description (*ID Only 1*)
12. Text messages (*ID Only 2*)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice of Show Cause Hearing
4. Show Cause Order
5. Request for Expedited Hearing
6. Notice of Expedited Hearing
7. Motion to Continue
8. Pre-Hearing Brief of Employer and Insurer
9. Order Granting Motion to Continue
10. Order Setting Expedited Hearing
11. Second Pre-Hearing Brief of Employer and Insurer
12. Employer's Motion to Quash Employee's Subpoena of Suzanne Jessicat to Testify
13. Employer's Amended Motion to Quash Employee's Subpoena of Suzanne Jessicat to Testify
14. Notice of Appearance
15. Witness and Exhibit List
16. Prehearing Brief of Elizabeth Harrison
17. Amended List of Witnesses and Exhibits
18. Order Granting Motion to Quash Employer's Subpoena of Suzanne Jessicat to Testify

19. Amendment to Witness List
20. Motion to Reopen Proof
21. Objection of Elizabeth Harrison to Employer's Motion to Reopen Proof

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated below on June 10, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Charles G. Wright, Jr., Employee Attorney | | X | wrightandwoodard@gmail.com |
| Fred Baker, Courtney Hart, Employer Attorneys | | X<br>X | fbaker@wimberlylawson.com<br>chart@wimberlylawson.com |

Penny Shrum, Clerk of Court

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Additional Information**
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant]   _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental  $ _____ per month

Groceries          $ _____ per month      Telephone       $ _____ per month

Electricity        $ _____ per month      School Supplies $ _____ per month

Water              $ _____ per month      Clothing        $ _____ per month

Gas                $ _____ per month      Child Care      $ _____ per month

Transportation     $ _____ per month      Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____      (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____      (FMV) _____

Other                   $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                RDA 11082